STATE, JOHN R. BEAM, PROSECUTOR, v. THE MAYOR AND ALDERMEN OF THE CITY OF PATERSON.

The ninety-eighth section of the charter of the city of Paterson, (*Pamph. L.* 1871, *p.* 808,) requires notice to be given of proposed public improvements, in such terms as will reasonably apprise, not only persons privately interested, but also the public, of the character of the improvement intended ; and for a failure to give such notice the subsequent proceedings may be set aside on *certiorari* issued at the suit of one who, as a private individual, might be estopped from raising the objection.

On *certiorari.*

Argued at November Term, 1884, before Justice DIXON.

For the prosecutor, *George S. Hilton.*

For the defendants, *John W. Griggs.*

DIXON, J.   This *certiorari* brings up the proceedings of the city of Paterson, instituted in 1882, for "the opening of Fair street." The prosecutor is a resident of the city and the owner of land to be taken for the improvement.   One of the grounds upon which he seeks to have the proceedings set aside is that notice of the proposed work was not given, in accordance with the ninety-eighth section of the city charter, (*Pamph. L.* 1871, *p.* 808,) which declares that when the board of aldermen shall propose to open, alter or widen any street, it shall give twenty days' notice, in two daily newspapers in the city, of such proposition, briefly describing such work or improvement, and requesting such persons as may object thereto to present their objections in writing, at the office of the superintendent of streets and sewers, on or before the expiration of twenty days from the date of such notice, and that, at any time thereafter, the board may proceed to consider any ordinance relating to such work, &c.

This objection of the prosecutor seems to me to be well taken.

The notice required by this law is one that describes the proposed improvement with such reasonable certainty as will apprise parties interested of its true character, and when the notice given fails so to do, the subsequent proceedings are illegal.   *State, Clark, pros.,* v. *Elizabeth,* 3 *Vroom* 357.

The notice given in the present case was that the board proposed " to open Fair street from Straight street to Auburn street."   This notice did not afford, either in itself or by reference to any extraneous source, any information touching the lines, width or course of the proposed street.   There had been

a street called Fair street opened from Straight street to Auburn street, in the year 1872, and it might be inferable that the street mentioned in the notice was that street, but even such an inference would have been erroneous, for the Fair street of 1872 seems to have been seventy feet wide, while the street described in the ordinance based on this notice is to be only sixty feet wide. But in truth the proposed improvement was not in any just sense the opening of a new street. It was merely the condemnation of two easily defined plots of land lying within the lines of Fair street as projected in 1872, and which the city had then ineffectually attempted to condemn. Such a purpose could hardly be gathered from the notice given.

But it is urged that the prosecutor is now precluded from raising this objection because, in response to the notice, he filed objections in writing without specifying that now interposed. This fact, however, should not estop him, or rather should not debar the court from setting aside the proceedings at the instance of any person who may legally bring the same up for review. The opening and altering of streets are matters not solely of private but also of public concern, in the present case one-half of the cost of the improvement being thrown upon the public treasury. The evident design of the legislature, in prescribing the notice referred to, was that the public, as well as those having private interests to protect, should be informed of the proposed action of the board of aldermen before it was taken, as a safeguard against measures injudicious from a public standpoint; and I do not think the default of a single individual should prevent the court's taking such steps, through its supervisory writs, as will secure the observance of laws having this useful public purpose in view.

The proceedings must be set aside.